UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL L. JONES,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )   No. 2:26-cv-00500-JRO-MKK
                                          )
J. KENEIPP case manager, et al.,          )
                                          )
                    Defendants.           )

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Daniel Jones is a prisoner at Wabash Valley Correctional Facility

("Wabash Valley").  He filed this civil action on July 16, 2026.  Because the

plaintiff is a "prisoner," this Court must screen the complaint before service on

the defendants.  28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Jones's factual allegations, summarized below, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Jones names six defendants: (1) J. Keneipp, case manager; (2) H. Jobe, Legal Assistant; (3) John Doe, Warden of Wabash Valley; (4) K. Ficher, Deputy Warden of Wabash Valley; (5) Mike Ellis, legal department; and (6) Randy Vanfleet, head of Internal Investigations. The defendants are sued in their individual and official capacities. Jones seeks compensatory and punitive damages in addition to injunctive relief.

On June 22, 2026, Jones attempted to use his Indiana Department of Correction ("IDOC") issued tablet, but he got a notification stating, "this device is not available to use." Dkt. 1 at 3. Jones then asked various staff members about his tablet not working, including Sgt. Hancock. *Id.* Jones told Sgt. Hancock that he is in the process of filing a grievance on hearing officer Mrs. English and thought the tablet restriction was done in retaliation. *Id.* at 4. Sgt. Hancock told Jones that Randy Vanfleet turned the tablet off for 30 days due to Jones writing Offender Trust two times about the same issue. *Id.* Jones wrote

2

letters to the defendants but they did not remedy the tablet restriction issue. *Id.* at 5-6.

Jones alleges the 30-day tablet restriction was imposed without due process and as a result, constituted violations of his Fourteenth Amendment due process rights, Eighth Amendment cruel and unusual punishment rights, and denial of his access to courts, law library, and religious practice. *Id.* at 7.

### III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, any claim against J. Keneipp, H. Jobe, Warden John Doe, K. Ficher and Mike Ellis is **dismissed**. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Jones has not asserted that any of these defendants was personally involved in the short-term deprivation of his tablet privileges. Jones only alleges that he contacted them after the deprivation and they did not respond or fix the problem.

3

To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017).

Second, any due process claim related to Jones's allegation that his tablet privileges were taken without a hearing is **dismissed**. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court explained that state-created liberty interests—which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). A one-month denial of tablet privileges is not the kind of atypical and significant hardship that triggers the requirements of due process. Thus, the claims against Randy Vanfleet are **dismissed**.

The complaint alleges that Jones was deprived of access to courts and law library, but the complaint does not allege that this has prejudiced Jones in a potentially meritorious lawsuit. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th

Cir. 2013).  Jones does not describe how a 30-day tablet restriction would impede his ability to access the law library.  Further, Jones states that this is his first civil lawsuit.  Dkt. 1 at 2.

The complaint also does not allege that Jones lacks alternative means to communicate with persons outside the prison walls, such as the mail, and thus fails to state a First Amendment claim.  *See Gaines v. Lane*, 790 F.2d 1299, 1307 (7th Cir. 1986) (holding that "[s]o long as reasonable and effective means of communication remain open," including communication by mail, "and no discrimination in terms of content is involved," restrictions on prisoner communication do not violation the First Amendment).

Similarly, prisoners have a First Amendment right to the free exercise of religion, and a statutory right to the free exercise of religion under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  But the complaint's sparse allegations that he was unable to access religious books and an "app called Pando that has many different videos posted by hundreds of churches across the United States," (dkt. 1 at 5), do not raise a reasonable inference that Jones has suffered "a substantial burden on [his] religious exercise."  42 U.S.C. § 2000cc-1(a); *Koger v. Bryan,* 523 F.3d 789, 798 (7th Cir. 2008) ("[A] substantial burden on the free exercise of religion . . . is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs.").  Indeed, the

5

complaint does not even assert that Jones has a sincerely held religious belief, how any such religious belief has been burdened, or how use of a tablet was somehow essential to practicing his religion.

Lastly, any claims regarding violations of IDOC policy **fail to state a claim** because a violation of IDOC policy does not, per se, amount to a constitutional violation. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of . . . departmental regulation and . . . practices[.]") (internal quotation marks omitted).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. OPPORTUNITY TO SHOW CAUSE

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through August 31, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano . . . ,* the court gave Jennings 14 days in which to show cause why the case should

not be dismissed on that basis.").  If Jones fails to show cause as directed, the action will be dismissed without further notice for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Date:  8/7/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DANIEL L. JONES
100409
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

7